UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEO ANSEN VEZINA,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. 4:24-cv-00514-DCN<br>　　　　　4:21-cr-00035-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Leo Ansen Vezina's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Petition"). Dkt. 1; CR-35, Dkt. 258.[1] The Government opposes Vezina's Petition. Dkt. 5. Vezina also filed a Motion to Appoint Counsel (Dkt. 2), and a Motion for Extension of Time to File Reply (Dkt. 7).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES

---

[1] In this Order, "CR-35" is used when citing to the criminal record in Case No. 4:21-cr-00035-DCN-2; all other references are to the instant civil case.

MEMORANDUM DECISION AND ORDER - 1

Vezina's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 as well as his Motion to Appoint Counsel. Additionally, the Court GRANTS Vezina's Motion for Extension of Time to File Reply.

## II. BACKGROUND

On May 16, 2023, Vezina entered into a plea agreement pleading guilty to one count of Attempted Possession with Intent to Distribute Methamphetamine. CR-35, Dkt. 204, at 11. On December 20, 2023, Vezina was sentenced to 92 months of imprisonment followed by five years of supervised release. CR-35, Dkt. 244, 2–3.

On October 23, 2024, Vezina timely filed his Petition. Dkt. 1. Therein, Vezina alleges claims of ineffective assistance of counsel against his former attorney—Richard Hearn. *Id.* Vezina also references "all of [his] attorneys" as having been ineffective in his Reply Brief. *See Generally* Dkt. 8.

## III. LEGAL STANDARD

28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Furthermore, "a district court must

grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting § 2255). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062–63 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). In a § 2255 motion, conclusory statements are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

## IV. ANALYSIS

### A. Motion for Extension of Time to File Reply

Vezina filed a Motion for Extension of Time to File his reply brief in support of his Petition. Dkt. 7. The Court has not addressed this motion until now, but Vezina ultimately filed his reply on March 20, 2025. Dkt. 8.

The Court GRANTS Vezina's Motion for Extension of Time and deems his reply (Dkt. 8) timely filed.

B. **Trial Counsel Errors**

The Court notes at the outset that Vezina's plea agreement contained an express provision whereby Vezina waived his right to appeal or collaterally attack his sentence under § 2255. CR-35, Dkt. 204, at 8–9. Nevertheless, the plea agreement carved out an exception for ineffective assistance of counsel claims. *Id*. at 9. Thus, Vezina is not procedurally barred from bringing his Petition today because he only alleges ineffective assistance of counsel.

As noted, Vezina brings a litany of claims against his former attorneys, but mainly against his third attorney Richard Hearn. Throughout the course of his criminal case, Vezina had 5 different attorneys. Attorney Hearn was his third attorney. Vezina "fired" 4 of the 5 attorneys because he did not agree with how they were representing him.

As the United States Supreme Court has noted, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).[2]

In order to successfully claim ineffective assistance of counsel, Vezina must satisfy the two-part *Strickland* test. Vezina must show that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000) (citing *Strickland*, 466 U.S. at 687).

---

[2] In applying that presumption, a court must make an effort "to eliminate the distorting effects of hindsight" and instead "to reconstruct the circumstances of counsel's challenged conduct" and "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

To satisfy the first prong related to deficiency of counsel, "a defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 363 (*See also*, *Strickland*, 466 U.S. at 688). Petitioners must show "gross incompetence" on the part of their attorneys. *Kimmelman v. Morrison*, 477 U.S. 365, 366–67 (1986). There is a strong presumption that legal counsel's conduct falls within the range of sound trial strategy. *Strickland*, 466 U.S. at 669.

To satisfy the second prong, the petitioner must show he was prejudiced by his counsel's errors. A petitioner must show "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman*, 477 U.S. at 375.

Vezina alleges four instances of ineffective assistance of counsel: (1) failure to "challenge the chain of custody as to the drug ledger;" (2) failure to ensure drug ledger and phone call recordings were presented to the grand jury; (3) failure to have the drug ledger examined by an expert; and (4) failure to file a Motion to Dismiss. *See Generally* Dkt. 1.

Simply put, each of Vezina's arguments relate to a drug ledger. For context, the Court notes that a drug ledger was found in the possession of one of Vezina's co-defendants as part of the traffic stop that gave rise the criminal charges in this case. *See generally* CR-35, Dkt. 127. This drug ledger was used, in part, to find and connect Vezina to the crime. *Id*. at 2–4. At some point during the criminal case, one of the investigating detectives wrote some notes in this drug ledger. *Id*. at 3 n.2. Vezina has been fixated on this drug ledger, its chain of custody, its authentication, and its reliability for the duration of his case.

1. *Failure to Challenge the Chain of Custody as to the Drug Ledger.*

Vezina first alleges Hearn was ineffective for failing to challenge the chain of custody as to the drug ledger. To begin, Hearn *did* challenge the ledger's chain of custody as part of Vezina's Motion to Suppress. CR-35, Dkt. 171, at 27-30. The Court rejected the argument at the hearing and as part of its written decision. CR-35, Dkt. 127, at 3 n.2. Second, Vezina does not identify any evidence, argument, or testimony to support the conclusion that the outcome of his case would have been any different had Hearn pursued this matter more than he already did or in a different manner. Dkt. 5, at 8. Accordingly, this alleged instance of ineffectiveness fails to meet the *Strickland* test.

2. *Failure to Ensure that Drug Ledger and Phone Call Recordings were Shown to Grand Jury*

Vezina next argues Hearn was ineffective for failing to have the drug ledger and phone call recordings shown to the grand jury.

It is unclear whether this allegation is directed at Hearn or more broadly at the grand jury proceedings. Vezina did not write "ineffective assistance of counsel" next to this argument—as he did with his other three arguments—but he does mention Hearn in the summary. Dkt. 1, at 5. To the extent Vezina is bringing some type of challenge against the grand jury or the evidence presented to the grand jury, he cannot do so because of the waiver contained in his plea agreement.

But assuming Vezina is bringing this challenge against Hearn, the Court notes the allegation is conclusory. Setting aside the fact that grand jury proceedings are sealed and Vezina could not, therefore, know what evidence was actually presented to the grand jury,

MEMORANDUM DECISION AND ORDER - 6

his sole basis for this argument is that Hearn only "stated this"—that the ledger (and a phone call) was not part of the grand jury proceedings. Dkt. 1, at 5. This hearsay statement is insufficient to sustain a claim of ineffective assistance under *Strickland*.

  3. <u>Failure to have Drug Ledger Examined by Expert.</u>

Vezina next asserts that Hearn was ineffective in failing to have the drug ledger examined by an expert. The Government argues that Vezina fails to identify how an expert examination of the ledger would have changed the outcome of the case. Dkt. 5, at 9–10. The Court agrees. While it is not entirely clear, it seems that Vezina is arguing that an expert could have analyzed certain aspects of the ledger for authentication purposes. Dkt. 1, at 7. Vezina brought this argument up as part of his underlying Motion to Suppress which, as already noted, was rejected by the Court. The Government points out—as the Court did in its prior decision, CR-35, Dkt. 127—that other forms of physical evidence seized at the scene of the crime tying Vezina to the drugs render a lack of expert examination as to the ledger itself inconsequential. Dkt. 5, at 10. Accordingly, that Hearn "failed" to use an expert to examine the ledger does not fall to the level of gross incompetence, failing the first prong of *Strickland*. *See Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

  4. <u>Failure to File a Motion to Dismiss (Based on the Drug Ledger)</u>

Vezina's final claim is that Hearn (and one of his attorneys after Hearn—David Heida) were ineffective in failing to file a Motion to Dismiss based on the failed challenge

to the chain of custody of the drug ledger discussed in the first allegation.[3] Much like the third allegation, this allegation is also rendered irrelevant given its contingency on the validity of the first claim—which, as previously discussed, is conclusory and fails to meet *Strickland*. Accordingly, this allegation fails as well.

### C. Motion to Appoint Counsel

Vezina also filed a Motion to Appoint Counsel. Dkt. 2. A federal habeas petitioner has "no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition." *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The Court has considerable discretion in deciding whether to appoint counsel in § 2255 proceedings and *may* furnish counsel when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

In requesting counsel, Vezina essentially states that he needs counsel in order to make the most of his § 2255 Petition. *See Generally* Dkt. 2. The Court appreciates that Vezina is not an attorney, and that it is difficult to navigate the legal system. But that is not unique to Vezina. Nor does his situation, standing alone, constitute an extraordinary circumstance warranting the appointment of an attorney. *See Stanger v. Way*, 2022 WL 137962, at *1 (D. Idaho Jan. 13, 2022) ("While the Court appreciates [the plaintiff's]

---

[3] Interestingly, there was another attorney between Hearn and Heida, Manual Murdock. However, Vezina does not include Murdock in this argument.

struggles to understand the legal system, such struggles are not exceptional circumstances that require a lawyer."). The court has reviewed all of Vezina's filings and, in its discretion, finds the appointment of counsel is not required to further the interests of justice. Consistent with Supreme Court precedent, 28 U.S.C § 2255, and 18 U.S.C. § 3006A, the Court finds the appointment of counsel is not appropriate in this case.

Therefore, Vezina's Motion to Appoint Counsel (Dkt. 2) is DENIED.

## V. CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order on a § 2255 motion unless the district court or court of appeals issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1) (providing that appeal cannot proceed unless "circuit justice or judge issues a certificate of appealability"); *U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (interpreting "circuit justice or judge" to include district judges). The court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to show that "a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To promote efficiency, the district court is required to issue or deny a COA in the same order denying the defendant's § 2255 motion. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. If the district court denies the COA, the court should state the reason for its decision. *Aznar*, 116 F.3d at 1270. The defendant cannot appeal the denial of the COA but can file a notice of appeal and request a COA from the court of appeals pursuant to Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing § 2255

MEMORANDUM DECISION AND ORDER - 9

Proceedings. Upon so doing, the district court forwards to the court of appeals the defendant's case file, final order, and notice of appeal. *See Asrar*, 116 F.3d at 1270.

In this case, the Court denies the COA. As explained in the preceding sections, Vezina is procedurally barred from raising claims (concerning the grand jury proceedings), or his claims lack merit (against his previous attorneys). No reasonable jurist would disagree with this assessment. Therefore, should Vezina wish to appeal, he must timely file a notice of appeal with this Court and request a COA from the Ninth Circuit.

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to vacate or remand Vezina's conviction or sentence. Furthermore, the Court finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the Petition is DENIED.

## VII. ORDER

**IT IS HEREBY ORDERED:**

1. Vezina's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 Dkt. 1; CR-035, Dkt. 258 is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.

2. Vezina's Motion to Appoint Counsel (Dkt. 2) is **DENIED**.

3. The Court finds there is no need for an evidentiary hearing.

4. No certificate of appealability shall issue. Vezina is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

5. If Vezina files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: April 25, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 11